**No. 26-6792**

**IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

Douglas Symmes, Jr.

Plaintiff - Appellant,

v.

North Carolina Department of Adult Corrections, et al.

Defendants - Appellees.

On Appeal from the U.S. District Court
for the Eastern District of North Carolina
No. 5:26-CV-3004, Honorable Louise W. Flanagan

**APPENDIX**

Samuel Weiss
RIGHTS BEHIND BARS
1800 M Street NW Front 1 #33821
Washington, DC 20033
202-455-4399
sam@rightsbehindbars.org

*Counsel for Plaintiff-Appellant*

## TABLE OF CONTENTS

**Page**

Order (Doc. No. 6)....................................................................J.A. 1

Judgment (Doc. No. 7)................................................................J.A. 6

District Court Docket.................................................................J.A. 7

Complaint (Doc. No. 1)..............................................................J.A. 10

Notice of Appeal (Doc. No. 8)....................................................J.A. 32

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3004-FL

| | | |
|---|---|---|
| DOUGLAS ROY SYMMES, JR., Plaintiff, | ) | |
| v. | ) | ORDER |
| NC DEPT. OF ADULT CORRECTIONS, SOPHIA FEASTER, CHARLIE LOCKLEAR, DAVID JEFF SAULS, MARGARET B. WILLIFORD, TAMEKA SMITH, DEAN LOCKLEAR, FAUSTINA F. BROWN, INA HINTON, WAKENDA GREENE, UNIDENTIFIED SW, UNIDENTIFIED CM, and TINA H. CANNON, Defendants. | ) | |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint January 5, 2026, alleging civil rights violations under 42 U.S.C. § 1983 and Americans with Disabilities Act ("ADA") violations. The matter now comes before the court for initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff alleges violations of the Eighth Amendment and ADA. According to plaintiff, he suffers from nerve damage that makes writing difficult. Plaintiff filed an offender reasonable accommodation request for a personal electronic typing device so that he can save, edit, and print materials "to send to the Courts, VA Workers Comp. Commission, Personal People, etc." (DE 1 at 5). This request was denied by defendant Charlie Locklear. Plaintiff escalated his request, and it was denied by defendant Sophia Feaster ("Feaster"). In response, plaintiff filed a grievance against them. This grievance was rejected by defendant Margaret B. Williford ("Williford"). So, plaintiff filed a grievance against her. Plaintiff's grievance against defendant Williford was denied by defendant Tameka Smith. Plaintiff escalated his grievance against

defendant Williford, and it was denied by defendant Dean Locklear. Plaintiff again escalated his grievance, and it was denied by defendant Faustina F. Brown.

Undeterred, plaintiff filed another accommodation request for a personal electronic typing device. This request was denied by defendant David Jeff Sauls ("Sauls"). Defendants SW and CM also "collaborated [and] recommended" the denial. (Id. at 6). Plaintiff escalated his request, and it was again denied by defendant Feaster. Plaintiff filed a second grievance against defendant Feaster, and it was denied by defendant Sauls. Plaintiff escalated his grievance, and it was denied by defendant Wakenda Greene.

Plaintiff then filed the present complaint against everyone involved along with defendants Ina Hinton and Tina H. Cannon, who are never referenced in the body of the complaint. According to plaintiff, his "Valid Medical Issue," is being "Knowingly, Willingly [and] Blatantly Denied" by defendants who "CHOSE to give a FALSE & UNLAWFUL Response!" (Id. at 7).

The Eighth Amendment "forbids punishments that 'involve the unnecessary and wanton infliction of pain.'" Hodges v. Meletis, 109 F.4th 252, 259 (4th Cir. 2024). "[T]he Supreme Court has also held that prison officials violate the Eighth Amendment when they fail to provide humane conditions of confinement by depriving inmates of life's necessities, such as food, clothing, shelter, medical care, and reasonable safety." Id. (internal citations and quotation marks omitted); see also Makdessi v. Fields, 789 F.3d 126, 132 (4th Cir. 2015). "For a prisoner to assert that prison officials imposed conditions of confinement that deprive him of life's necessities, however, he must prove two elements—that the deprivation by prison officials of a basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." Hodges, 109 F.4th at 259-60 (cleaned up); see also Strickler v. Waters, 989 F.2d

1375, 1379 (4th Cir. 1993). "Only then can the officials be charged with inflicting cruel and unusual punishment." Hodges, 109 F.4th at 260.

Denying plaintiff access to a personal electronic typing device is not a serious deprivation of a basic human need as contemplated by the Eighth Amendment. See id. at 259-60. Neither has plaintiff shown that defendants acted with a sufficiently culpable state of mind based on their separate denials of his accommodation requests and subsequent grievances. See id. Thus, plaintiff's Eighth Amendment claim fails on both prongs.

Additionally, to the extent plaintiff seeks to maintain his § 1983 claim based on allegations that his grievances were "gaslighted" and "rubber stamped" by defendants (DE 1 at 5-7), plaintiff does not have a "constitutional entitlement or due process interest in access to a grievance procedure" and "cannot bring a § 1983 claim alleging denial of a specific grievance process." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). Neither can plaintiff sustain a § 1983 claim based on alleged violations of North Carolina Department of Adult Correction policy. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); see also Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) ("[P]rison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation."). For all these reasons, plaintiff's § 1983 claim must be dismissed.

Next, the court considers plaintiff's ADA claim. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, plaintiff must allege that he 1) has a disability; 2) is otherwise qualified for the benefit in question; and 3) was excluded from the benefit because of discrimination. Halper v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461-62 (4th Cir. 2012); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005).

Even assuming plaintiff suffers from a qualifying disability, he does not state a claim under the ADA, because he has not alleged discrimination based on disability. See Fauconier v. Clarke, 966 F.3d 265, 277 (4th Cir. 2020) (holding plaintiff adequately alleged third element of ADA claim where he alleged defendants "expressly relied" on plaintiff's medical classification to deny benefits); Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999) (plaintiff alleging ADA claim must show he was discriminated against "solely on the basis of [his] disability"); see also Goodman v. Johnson, 524 F. App'x 887, 890 (4th Cir. 2013) ("[T]he ADA prohibits discrimination because of disability, not inadequate treatment for disability."). As such, this claim also fails to survive initial review.

**CONCLUSION**

Based on the foregoing, plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

DOUGLAS ROY SYMMES, JR.,
Plaintiff,
v.
NC DEPT. OF ADULT CORRECTIONS, SOPHIA FEASTER, CHARLIE LOCKLEAR, DAVID JEFF SAULS, MARGARET B. WILLIFORD, TAMEKA SMITH, DEAN LOCKLEAR, FAUSTINA F. BROWN, INA HINTON, WAKENDA GREENE, S.W. UNKNOWN, C.M. UNKNOWN and TINA H. CANNON,
Defendants.

**Judgment in a Civil Case**

Case Number: 5:26-CT-3004-FL

**Decision by Court.**

This action came before the Honorable Louise W. Flanagan, United States District Judge, for frivolity review pursuant to 28 U.S.C. § 1915.

**IT IS ORDERED AND ADJUDGED** that this action is hereby dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

This Judgment Filed and Entered on July 9, 2026, with service on:
Douglas Roy Symmes, Jr. 0397985 Eastern Correctional Institution P.O. Box 215 Maury, NC 28554 (via U.S. Mail)

July 9, 2026

Peter A. Moore, Jr.
Clerk of Court

By: [signature]
Deputy Clerk

Query Reports Utilities Help Log Out

APPEAL,CLOSED,SA-2

# U.S. District Court
# EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
# CIVIL DOCKET FOR CASE #: 5:26-ct-03004-FL

Symmes v. NC Dept. of Adult Corrections et al
Assigned to: District Judge Louise Wood Flanagan
Case in other court: 26-06792
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 01/05/2026
Date Terminated: 07/09/2026
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Petitions (Prison Condition)
Jurisdiction: Federal Question

**Plaintiff**

**Douglas Roy Symmes, Jr.** represented by **Douglas Roy Symmes, Jr.**
0397985
Eastern Correctional Institution
P.O. Box 215
Maury, NC 28554
PRO SE

V.

**Defendant**

**NC Dept. of Adult Corrections**

**Defendant**

**Sophia Feaster**

**Defendant**

**Charlie Locklear**

**Defendant**

**David Jeff Sauls**

**Defendant**

**Margaret B. Williford**

**Defendant**

**Tameka Smith**

**Defendant**

**Dean Locklear**

**Defendant**

**Faustina F. Brown**

**Defendant**

**Ina Hinton**

**Defendant**

**Wakenda Greene**

**Defendant**

**S.W. Unknown**

**Defendant**

**C.M. Unknown**

**Defendant**

**Tina H. Cannon**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2026 | 1 | COMPLAINT against Faustina F. Brown, Tina H. Cannon, Sophia Feaster, Wakenda Greene, Ina Hinton, Charlie Locklear, Dean Locklear, NC Dept. of Adult Corrections, David Jeff Sauls, Tameka Smith, C.M. Unknown, S.W. Unknown and Margaret B. Williford filed by Douglas Roy Symmes, Jr. (Attachments: # 1 Documents in Support, # 2 Envelope) (Indig, A.) (Entered: 01/05/2026) |
| 01/05/2026 | 2 | MOTION to Proceed Without Prepayment of Fees filed by Douglas Roy Symmes, Jr. (Indig, A.) (Entered: 01/05/2026) |
| 01/05/2026 | 3 | Prisoner Trust Fund Account Statement filed by Douglas Roy Symmes, Jr. (Indig, A.) (Entered: 01/05/2026) |
| 01/06/2026 | 4 | Letter to plaintiff regarding filing of complaint. (Castania, M) (Entered: 01/06/2026) |
| 01/06/2026 | | Motion Referred to US Magistrate Judge Robert B. Jones, Jr. regarding 2 MOTION to Proceed Without Prepayment of Fees. (Castania, M) (Entered: 01/06/2026) |
| 01/08/2026 | 5 | **ORDER granting 2 Motion to Proceed Without Prepayment of Fees. Signed by Magistrate Judge Robert B. Jones, Jr. on 1/7/2026.** Copy served via US Mail: Douglas Roy Symmes, Jr., 0397985, Eastern Correctional Institution, P.O. Box 215, Maury, NC 28554. Copy to North Carolina Department of Adult Correction. (Castania, M) (Entered: 01/08/2026) |
| 01/08/2026 | | Case Submitted to District Judge Louise Wood Flanagan for initial review. As soon as the review is completed, an order will be entered and the next appropriate step will be taken. (Docket sheet mailed to plaintiff.) (Castania, M) (Entered: 01/08/2026) |
| 07/09/2026 | 6 | **Order Dismissing Case - plaintiff's complaint is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Signed by District Judge Louise Wood Flanagan on 7/8/2026.** Copy sent to plaintiff via US Mail. (Indig, A.) (Entered: 07/09/2026) |
| 07/09/2026 | 7 | **CLERK'S JUDGMENT - that this action is hereby dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Signed by Peter A. Moore, Jr., Clerk of Court on 7/9/2026.** Copy of judgment and notice of appellate rights sent via US Mail to Douglas Roy Symmes, Jr. at Eastern Correctional Institution. (Indig, A.) (Entered: 07/09/2026) |
| 07/17/2026 | 8 | Notice of Appeal filed by Douglas Roy Symmes, Jr as to 6 Order Dismissing Case, 7 Clerk's Judgment. (Attachments: # 1 Envelope) (Castania, M) (Entered: 07/17/2026) |

| | | |
|---|---|---|
| 07/17/2026 | 9 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals regarding 8 Notice of Appeal. (Castania, M) (Entered: 07/17/2026) |
| 07/21/2026 | 10 | US Court of Appeals Case Number 26-6792 (S. Batchleor, Case Manager) as to 8 Notice of Appeal filed by Douglas Roy Symmes, Jr. (Castania, M) (Entered: 07/23/2026) |
| 07/23/2026 | | Assembled Electronic Record on Appeal transmitted to 4th Circuit Court of Appeals regarding 8 Notice of Appeal. (Castania, M) (Entered: 07/23/2026) |
| 08/24/2026 | | US Court of Appeals Appeal Fees received $605.00 receipt number 500024667 regarding 8 Notice of Appeal filed by Douglas Roy Symmes, Jr. (Indig, A.) (Entered: 08/24/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/25/2026 23:06:38 | | | |
| **PACER Login:** | rightsbehindbars | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:26-ct-03004-FL |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

FILED
JAN 05 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ____ DEP CLK

Rev. 5/2024 Prisoner Complaint

United States District Court
Eastern District of North Carolina
Western Division

**Case No.** 5:26-CT-3004-FL
(To be filled out by Clerk's Office only)

Douglas Roy Symmes Jr

*(In the space above enter the full name(s) of the plaintiff(s).)*

Inmate Number____________

# COMPLAINT

(*Pro Se* Prisoner)

-against-

Jury Demand?
☒ Yes
☐ No

NC Dept. of Adult Corrections, Sophia Feaster, Charlie Locklear, David Jeff Sauls, Margaret B. Williford, Tameka Smith, Dean Locklear, Faustina F. Brown, Ina Hinton, Wakenda Greene & the Unidentified SM & CM, Tina H. Cannon

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☒ 42 U.S.C. § 1983 (state, county, or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐ Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II. PLAINTIFF INFORMATION

Douglas Roy Symmes Jr
Name

0397985
Prisoner ID #

Eastern CI
Place of Detention

P.O. Box 215
Institutional Address

| Maury | NC | 28554 |
|---|---|---|
| City | State | Zip Code |

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐ Pretrial detainee ☐ State ☐ Federal
☐ Civilly committed detainee
☐ Immigration detainee
☒ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: NC Dept. of Adult Corrections
Name

Current Job Title

831 W. Morgan St.
Current Work Address

Raleigh | NC | 27603
City | State | Zip Code

Capacity in which being sued: ☒ Individual ☒ Official ☐ Both

Defendant 2: Sophia Feaster
Name

Division ADA Coordinator
Current Job Title

831 W. Morgan St.
Current Work Address

Raleigh | NC | 27603
City | State | Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

**Defendant(s) Continued**

Defendant 3: Charlie Locklear
Name

Scotland CI Facility ADA Coordinator
Current Job Title

22385 McGirts Bridge Rd
Current Work Address

Laurinburg | NC | 28352
City | State | Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Defendant 4: David Jeff Sauls
Name

Eastern CI Facility ADA Coordinator
Current Job Title

P.O. Box 215
Current Work Address

Maury | NC | 28554
City | State | Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☒ Both

Suing the following in BOTH Capacities also:

5- Margaret B. Williford - Scotland CI - 22385 McGirts Bridge Rd, Laurinburg, NC, 28352
6- Tomeka Smith - Scotland CI -
7- Dean Locklear - Scotland CI -
8- Faustina F. Brown - Inmate Grievance Resolution Board - 831 W. Morgan St, Raleigh, NC, 27603
9- Ina Hinton - IGRB -
10- Wakenda Greene - IGRB -
Unidentified Intials of stated in the ADA Accom. Response at Eastern CI
11- SW
12- CM
To be Identified & Names Added to the list.
13- Tina H. Cannon

Rev. 5/2024 Prisoner Complaint

## V. STATEMENT OF CLAIM

Place(s) of occurrence: Scotland CI & Eastern CI

Date(s) of occurrence: ____________________

State which of your federal constitutional or federal statutory rights have been violated:

8th USA Amendment & ADA Protections

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS: In a "Offender Reasonable Accommodation Request(ORAR) Form" dated 11-26-2024 was stated the following: "I am/have: Spine-Neck Nerve Damage that Runs Down Both Arms. I am unable to: This Nerve Damage is made Severly & Overwhelmingly Worse when I have to Write A Page or More concerning Personal or Legal Matters which causes Suffering for HOURS or DAYS depending on the Length of time it takes to Write Out Whatever! Accommodation Requested: A Electronic Device that I can TYPE OUT

Who did what to you?

whats needed & to be able to SAVE so that I can come back to it to EDIT, ADD TO & have PRINTED OUT to send to the Courts, VA Workers Comp. Commission, Personal People ect. I would help me with the Time Limit I have to Respond Back to the Court!" Scotland CI Facility ADA Coord. Charlie Locklear responded on 12-23-2 "Denied, No electronic device will be provided." Division ADA Coord. Sophia Feaster's response dated 1-17-25 was "Denied, Offender's request is not granted. Offender would need to fill out the Offender Request Form to speak with his Correctional Case Manager regarding programs that ARE Designed on the GTL Tablet for this request." Which was & is a Blatantly False Recommod-ation cause there is NO SUCH Thing on the GTL Tablet! IF it had been, it would be Illegal Concerning Legal Matters.

Which on 1-30-2025 I wrote Grievance 4860-2025-T1A-00266-Carbon Copy Include Concerning THIS ADA Issue & a related ADA Issue. This grievance was False Rejection Reaso by Margaret Williford on 2-3-25. So in Grievance 4860-2025-T1A-00372 Carbon Copy Include dated 2-5-25 against Williford's False Rejection & stating within the FACT that According to Facility Asst. Admen. William Bullard in a Past Grievance Response that these Grievance Response Papers "ARE Legal Documents", so Perjury on that Legal Document IS Illegal!" "In the Step 1 Response dated 2-13-25 Tamelca Smith gave a Gaslighted Cover Up Response, went along with the Violation & then at the end Smith's Statement Proves hers & Williford's Violations. Then Dean Locklear in his Step 2 Response dated 2-13-2

was a Further Gaslighted Response & Rubber Stampled both Willifords & Smiths Responses:- Actions. Then Faustina F. Brown's Step 3 Response dated 4-11-25 Rubber Stamped the Violations &/or Gaslighting by them all & commented on PART of the ADA Issues stated in 002666 Grievance.

What happened to you?

So then I filed a "ORAR" dated 10-10-25 Stating, "I am/have: C5-7 & T1 Spine-Neck & Sever Nerve Damage that Runs Down Both Arms into my Fingers. I am unable to: This Nerve Damage is made Severly & Overwhelmingly Worse when I have to Write A Page or More Concerning Legal & Personal Matters which causes Suffering & Pain for HOURS or DAYS After depending on the Length of time Spent Writting Out the documents. The following has been Recommended by UNC Pain Management Specialist Dr. Trina Phillips. Accommodation Requested: A Electronic Device/Writters Only Laptop that I can TYPE OUT whats needed & to be able to SAVE that Work SO THAT I can Come back & EDIT IT, ADD TO & have usually PRINTED OUT to be sent to the Court, Lawyers, Attorney General & Personal ect. It would help with the Time Limits Im under with the Courts in my many different cases. According to Chapter E. 2604 (a)(b)(1)(f) I Quilify to Get & has NO Safety or Security Issues to Prevent me from Getting one EVEN IF I have to have my People to Order online & pay for it. Accessories could lessen the Amount of Legal Documents I have." That last part has been an Issue also & being able to Scan them into a External Harddrive no bigger than 3½-4 x 5 x ⅛ in size would Remove yet another thats been a Big Issue at the Facility Level at times & when Shipping!

When did it happen to you?

Eastern CI Facility ADA Coord. (David) Jeff Sauls response dated 10-22-25, "Denied, Denied for programs". "Case Manager Comments - SW & CM collaborated & recommended denial, as offender can access his GTL Tablet to see if there are any programs to assist with his needs. He can contact his assigned case manager if he needs assisstance." Dont know WHO SM or CM is.

Where did it happen to you?

Division ADA Coord. Sophia Feaster response dated 11-13-25, "Offender's request for 'Writers Only Laptop' is not granted. Offender would need to speak with Correctional Case Manager & or Unit Manager for this request." Request Form dated 11-18-25 was sent to Case Manager C. Smith & Program Director - Carbon Copy Included - & her response was, "We do not provide a writers only laptop."

So then I wrote Grievance 3400-2025-FORAL-30032 dated 11-29-25 against "Division ADA Coord. Sophia Feaster for the Denial of 2 ADA Accommodation Requests with 2 Blatantly False & Misleading Alternative Recommondations to fill the Request." Carbon Copy Included - NONE of the Responders Acknowledge or Deal With the FACTS stated in the opening lines of

What was your injury?

the grievance! Sauls Rubber Stamped the Step 1 & so did Greene in the Step 3. Greene even went AS FAR in stating, "these responses reveal that prison staff have TAKEN APPROPRIATE ACTION to Address & Resolve the Offenders Concerns VOICED in the grievance." Which AS the Court can Clearly see, NONE of them even came close to doing So!!!

This Valid Medical Issue, with Medical Support is being Knowingly, Willingly & Blatantly Denied EVEN THO NCDAC ADA Policy & ADA Law Quilifies me to Obtain these Items & are CLEARLY are NOT a Safety, Security, NOR Burdensome Request Cause IF they were, then THAT would have been their Denial Response. Yet in Neither ADA Accommodation Request Filing was it their reason & so Should Not be allowed to All Of A Sudden BE their Reason. But Instead they CHOSE to give a FALSE & UNLAWFUL Response!

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint? ☒ Yes ☐ No

If no, explain why not:

Is the grievance process completed? ☒ Yes ☐ No

If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.* A Copy of ALL Medical Records held by NCDAC's & a Copy Directly Sent From my UNC Spine & UNC Pain Management Specialist of their Records concerning my Spine-Neck-Nerve Damage Issues be grant to me. That the Court Order that NCDAC ADA Accommodation Policy & ADA Accommodation Law be followed & that I am Granted & Obtain a Writers Only Laptop with NO Internet Access, but with Helpful Apps to help with wording, spelling ect, along with the Accessories like a Scanner Bar to scan All Documents & an External Harddrive as stated within this Complaint that will HOLD Them ALL, SO THAT it will Releave an issue concerning all the Legal Documents - Atleast 4 Shipping Bags Worth - I HAVE & WILL HAVE Further ones concerning my Street Charges & Other Prison Cases [illegible] & Workers Comp case before the Courts now & the Future ones concerning my Street Charges & any Further Prison Violations Issues after these are Resolved. Lastly, that the Defendants for their Conduct pay ALL COST for this filing & the ADA Request, plus Accessories along with Fines of $30 Thousand Per Capacity for each Defendant.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner? ☒ Yes ☐ No

If yes, how many? 14 all together - One of those being my VA Worker Comp. Case.

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

TA-29039

Pending 1 - Symmes -V- NCDPS/NCDAC - Misconduct by Prison Staff after being Assaulted by Inmate.

Pending 2 - TA-032887 - Symmes-V-NCDAC/SCI - Theft & Cover Up by Prison Staff

Completed 3 - MDNC 1:19cv24 - Symmes -V- Hooks - Habeas concerning an A10 Charge - Partly Won

Completed 4 - MDNC 1:20cv887 - Symmes -V- Covington - Intimidation of a Witness, Retaliation & Harassment - Told I didn't sign a paper & so I had to Rewrite & make smaller

Completed 5 - 1:22cv225 - Symmes -V- NCDPS - 2nd Attempt. - Told to Redo & make smaller - MDNC

Pending 6 - MDNC 1:24cv1004 - Symmes -V- SCI - Legal Protections Violations - Had to Redo & when I did it keep the same # - Still having issues - Appealed

Pending 7 - MDNC 1:25cv00842 - Symmes -V- SCI/NCDAC - Medical Issues

Complete 8 - MDNC 1:22cv235 - Symmes -V- State - Street Charges

Pending 9 - MDNC 1:25cv00816 - Symmes -V- Panosh - Street Charges - Legal Evidence

Pending 10 - MDNC 1:25cv944 - Symmes -V- UNC Rockingham Health/Cone Health - Street Charges - Medical Evidence

Pending 11 - EDNC 5:25cT - 3250 - BO - Symmes -V- NCDAC/ECI - Legal - Retaliation

Pending 12 - EDNC 5:25-CT-3303-BO - Symmes -V- NCDAC - Packouts - Drink - Policy Violations

Pending 13 - EDNC 5:25-CT-3300-M - Symmes -V- Stein - Ignorance of Gaslighted & Unlawful Acts

Pending 14 - Virginia Court VA00000749488 - Symmes -V- The L. E. Myers CO. - Work Injury before coming to Prison

## IX. PLAINTIFF'S CERTIFICATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

***Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.***

12-31-2025
Dated

Douglas R. Symmes Jr
Plaintiff's Signature

Douglas R. Symmes Jr
Printed Name

0397985
Prison Identification #

P.O. Box 215 — Maury — NC — 28554
Prison Address — City — State — Zip Code

Further RETALIATION & Violations of NCDAC Policy Chapter E.2600 & ADA Regulations & Standards.

Carbon Copy Made



Douglas Symmes 0397985
Scotland Correctional 1-30-2025

This grievance is against Facility ADA Coordinator Charlie Locklear & Division ADA Coordinator Sophia Feaster for Dening 2 Valid ADA Accommodation Applications - 1 Feaster KNOWINGLY & BLATANTLY gave a FALSE Alternative Recommendation - on a DC-746 WITH Medical Records Support & in 1 case UNC Specialist Support & for Delaying a Approval/Denial for 2 ADA Accom. Applications dated 9-19-24 & 9-24-24 Concerning Headphones & Watch which PER ADA Guidlines is Suppose to happen Within 45 Days. Heres the Evidence to back it up.

On 11-26-2024 I filed a ADA Commodations App. for "A Electronic Device that I Can TYPE OUT whats needed & to be able to SAVE so that I can come back to it to EDIT, ADD TO & have PRINTED OUT to send out to the Courts, VA Workers Comp. Commission, Personal People, ect. It would help me with the Time Limit I have to respond back to the Court." I have, "Spine/Nerve Damage that Runs Down Both Arms." I am unable

Douglas R. Symmes [signature]

Grievance # 4860-2025-T1A-00266
DC-410 dated 2-3-2025 by Margaret B. Williford
Rejected - More than one incident
Rejection Justification:
The Administrative Remedy Procedure, Section .0300 of the NCDAC Prisons Policy & Procedures, provides:
(c)... a grievance may be rejected at any level if:
(4) The inmate has requested a remedy for more than one incident (see Section .030

Douglas Symmes 0391985
Scotland Corr. 1-30-2025

to, "This Nerve Damage is made Severly & Overwhelmingly Worse when I have to Write a Page or More" - as Im again having to do here - "Concerning Personal or Legal Matters which causes Suffering for HOURS or DAYS depending on the Length of time it takes to Write Out whatever!" I DID give permission to access my Medical Records. Locklears response dated 12-23-24, "Denied, No electronic device will be provided." Which is typed SO SMALL I can BEARLY Read! Feasters response dated 1-7-25, "Denied, Offenders request is not granted. Offender would need to fill out the Offender Request Form to speak with his Correctional case manager regarding ~~[illegible]~~ programs that are designed on the GTL Tablet for this request." Feaster KNOWS there is NO SUCH PROGRAM on the Tablet & therefore has given a Gaslighted & False Response/Alternative to this ADA Covered & Medical Backed Medical Issue/Disability! The other ADA Accom. Application

Douglas R. Symmes [signature]

Douglas Symmes 0397485
Scotland Corr. 1-30-2025

handled & date at the SAMETIME is the Acc. Request, "Thin, Light Weight, Wrap Around Tinted Safety Glasses which Dr. Shuping Medically Ordered in Detail on Sept. 27, 2024. Which I was first issued March 2022 & HAD till April 2024, but never placed on 490". I am, "I have Light Sensitivity Issues according to UNC Specialist Dr. Lee Shuping." I am unable to, "Bright Lights & the Sun cause Sight Issues & Headaches." I again gave permission to access my Medical Records. Locklears response dated 12-23-24, "Denied, Offender needs to submit a sick call slip for medical to address this concerns/issue. This is not for ADA issue." Feasters response dated 1-7-25, "Denied, Offenders request is not granted. Offender would need to fillout the Offenders Request Form to speak to Medical regarding this request." Which I have Repeatedly Done, Wrote Grievances that have FASLEY Been Rejected & brought Further Violations of NCDAC Policies! According to

Douglas R. Symmes Sr.

Douglas Symmes 0397985
Scotland Corr. 1-30-2025

NCPLS, "A request for ADA Accommodations may begin with any of the following processes: (1) The inmate completing & submitting the Inmate Request for Reasonable Accommodation (IRAR) Form (DC-746); (2) Health Services Staff..., (3) Through the Administrative Remedy (DC-410) grievance filed by inmate or (4) Any staff referral based on the condition of the inmate." 1-3 have been DONE for 3 of the 4 Accommodations & ALL 4 have been Done for the Wrap Around Thin, Light Weight Sunglasses. Yet I've STILL Been Denied & So Further Violations of ADA Federal Regulations, Standards & NCDAC Chapter E. 2600 Policy & Procedure.

That I get a Redress & Accommodated with the Detailed Sunglasses, Writters Based Electronic Device/Labtop, Headphones & Watch AS Federal ADA Regulations/Standards, my Medical Records & NCDAC Chapter E. 2600 with Specialist Support which MAKES me Eligable To Aquire & brings NO Hardship NOR Safety Concerns what so ever for NCDAC or Scotland Correctional. NOR Security Concerns!

Douglas R. Symmes

# FURTHER RETALIATION, HARASSMENT & DELAYS!

Page 1 of 2

Douglas Symmes 0399985
Scotland Correctional 2-5-2025

This grievance is against Tan 1 Secretary Margaret B. Williford for Violating Grievance Policies for Rejecting Grievance 4860-2025-TIA-00266 with a a FALSE REASON which AS Bullard pointed out in a Past Grievance Response that these ARE Legal Documents & so Perjury on that Legal Document IS Illegal! Which is Further Retaliation, Harassment & Conspiratorial Conduct!

I wrote a grievance concerning 2 ADA Accommodation Rejects that were -BOTH Done o the Same Day which make it ONE Incident.- for Retaliatory Reasons & Further Harassment Tactics which is CLEARLY STATED at the Top -Retaliation- of the grievance which Chapter G.0306 (a)&(b) Clearly States CAN'T BE REJECTED! But was so Anyways! Also Williford uses .0306 (4) "The inmate has requested a remedy for more than one incident (see Section .0304)". This is a FALSE REASON cause I ONLY REQUESTED that, "I get a Redress & Accommodated with the" requested Accommodations "AS Federal ADA Regulations/Standards, my Medical Records & NCDAC Chapter

Douglas R. Symmes

Step 1 Response dated 2-13-2025 by Tameka Smith - "In response to your grievance Ms. Williford Stated on 2-3-25 she received a grievance number 00266. That specific grievance was rejected due to a few subjects within the grievance. Per policy section .0306 States the Offender has requested a remedy for more than one unrelated incident. This shall not apply to grievances related to policies or conditions made as a pattern of incidents are related in any type.

Step 2 Response dated 2-13-25 by Dean Locklear - "Offender Symmes, I agree with Step 1 response Offender Douglas Symmes you can only grieve one incident per. grievance. However, you are allowed to write three grievances in the CTS system with different Subjects/incidents."

Douglas Symmes 0397985
Scotland Corr. 2-5-2025

E. 2600 with Specialist Supported Information which MAKES me Eligable To Aquire ..." This is NOT the First Time Williford has Fraudly, Willfully & Systemically Refused to Comply with NCDAC Policies & Procedures which has inturn Violated AS NOW Chapter G.0301 (c), (d) & has DELAYED me from Using "(3)... the Administrative Remedy (DC-410) grievance filed by the inmate..." AS NCPLS states to gain ADA Accommodations a/or Redress when Rejected. Because of THAT grievance, a Back Dated Response for one of those ADA Accommoditons APPEARED the SAMEDAY which I can Prove HAD NOT been done on the Stated Date which had a Perjured Response by Charlie Locklear/ Which he States "There is no record that the Offender has hearing aids" Yet I got it on Aug. 27, 2024. That Grievance 4860-2025-77A-00266 is Resummitted & that Chapter G.0301 (d) is Inacted against Williford which will Prevent this Violation & Misconduct or Further Perjury on Legal Documents to happen again!

Douglas R. Symmes Jr

Step 3 dated 4-11-25 by Faustina F. Brown - "Offender Symmes, your grievance has been thoroughly reviewed & your allegations that staff are rejecting your grievances has no merit. As Scotland CI Staff Stated, the grievance was rejected because it included more than one issue, & you are required to file up to 3 grievances with one separate issue. However, your concerns regarding your ADA accommodations were denied for over the hearing headphone & Vibrating Watch because of your hearing level of 1, It appears that you received a hearing aid through medical es of 3-4-25. The IGRB Office noted that you went to medical again on 4/01 & your pull heat score was updated to a 2. The Staff at Warren CI will communicate with you to have you complete a new DC-746 form requesting "Over the Ear Headphones & Vibrating Watch." Offender is encouraged to follow up with this issue. My examination of this grievance reveals no violation of applicable ... policy & there is no evidence of Staff indifference. No further action warranted; this this grievance is dismissed."

REQUEST FORM

Douglas Symmes
0397985 11-18-2025

FDRC

Douglas R. Symmes
A 14 Down

Case Manager C. Smith - Program Director

Division ADA Coordinator Sophia Feaster stated on a ADA Accommodation Response dated 11-13-2025, "Offenders Request for 'Writer's Only Laptop' is Not Granted. Offender would need to speak with Correctional Case Manager & or Unit Manager for this request."

We do not provide a writers only laptop

Signed
Ms. Smith

Douglas Symmes 0397985

Raleigh NCDAC ADA Division Office 11-29-2025

This grievance is against Division ADA Coord. Sophia Feaster for the Denial of 2 ADA Accommodation Requests with 2 Blatantly False & Misleading Alternative Recommendation to fill the Request.

I filled out a "ORAR" form dated 11-26-2024 stating, "I Have: Spine/Neck Nerve Damage that Runs Down Both Arms. I Am Unable To: This Nerve Damage is made Severly & Overwhelmingly Worse when I have to Write a Page or More concerning Personal or Legal Matters which causes Suffering for HOURS or DAYS depending on the Length of time it takes to Write Out Whatever! Accommodation Requested: A Electronic Device that I can TYPE OUT what's needed, to be able to SAVE so that I can come back to it to EDIT, ADD TO & have PRINTED OUT to send to the Courts, VA Workers Comp Commission, Personal People ect. It would help with the Time Limit I have to Respond Back to the Court."

Feaster's Response, "Denied. Offender's request is not granted. Offender would need to fill out the Offender Request Form to speak with his Correctional Case Manager regarding programes that ARE ON the

Douglas R. Symmes Jr

Step 1 Responce dated 12-10-2025 by Tina H. Cannon - "Your Case Manager, Ms. Smith was contacted about your ADA request of obtaining a writers only device for your use. Ms. Smith Stated the Correct paper work DC-746 form had already been submitted & it was determined that you were denied for this writing device."

Step 2 Response dated 12-11-2025 by David J. Sauls - "Step one adequately addresses grievance, no further action necessary."

Step 3 Response dated 12-23-2025 by Wakenda Greene - "This examiner has reviewed the grievance & the response by facility staff given in the Step 1 &/or Step 2 responses. My review of these responses reveal that prison staff have taken appropriate action to address & resolve the Offenders concerns voiced in the grievance. The offender has been appropriately advised regarding the concerns of a writers only laptop. The laptop was denied by the ADA Office on 11/18/25. This grievance is considered resolved by prison staff & is therefore dismissed."

Douglas Symmes 0397985
Raleigh NCDAC ADA Division Office 11-29-2025

BTL Tablet for this request! "According to Scotland CI Case Manager C. Taylor, there's No Such Thing!

On 10-10-2025 I filled another ORAR form that stated, "I Have: C5-7 & T1 Spine/Neck & Sever Nerve Damage that Runs Down Both Arms into my fingers. I Am Unable To: When I have to Write a Page or More concerning Legal & Personal Matters which causes Suffering & Pain for HOURS or DAYS After depending on the Length of time Spent Writing Out the documents. The following has been Recommended by UNC Pain Management Specialis Dr. Irina Phillips, Accommodation Requested: A Electronic Device/Writers Only laptop that I can TYPE OUT whats needed & to be able to SAVE that work SO THAT I can come back & EDIT IT, ADD TO & have PRINTED OUT to be sent to the Courts, Lawyers, Attorney General & Personal ect. It would help with the Time Limits I'm under with the Courts in my many different cases! According to Chapter E. 2604 (a)(b)(1)(f) I Qualify to Get & has NO Safety or Security Issues to Prevent me from

Douglas R. Symmes

Douglas Symmes 0399985
Raleigh NCDAC ADA Division Office 11-29-2025

Getting one EVEN IF I have to have my People Order Online & pay for it: Accessories would lessen the Amount of Legal Documents I have." Which have been an Issue & have been Repeatedly Damaged during Searchs, being Moved & in Transit to Another Facilities. A Laptop with Accessories would take up Less Space than the 3½ to 4 Shipping Bag of Legal Documents out of the 6 Bags I have now in all!

Feaster's Response, "Denied. Offender's request for 'Writers Only Laptop' is not granted. Offender would need to speak with Correctional Case Manager & or Unit Manager for this request." According to Case Manager - Program Director C. Smith, "We do not provide a writers only laptop."

Remedy That I be allowed to Obtain a "Writters Only Laptop" with NO Internet - Outside Source Access & IF Possable, a 3½ x 5 x ⅛ Toshiba 1 Terabit Capacity External Harddrive, Wireless Mouse & Scanner Bar which will help Down Size & Keep Down Sized the Amount of Physical Paper Legal Documents in my possession, Which According to Chapter

Douglas R. Symmes

Douglas Symms 0397785
Raleigh NCDAC ADA Division Office 11-29-2025

Remedy Continued: G.0301(d) "... a meaningful remedy to include but not be limited to, an order Requiring That Specific Action be Taken, Modification of DOI Policy, ... and Such Other Remedies that Will Meaningfully Resolve the grievance presented. (e) - Employees who intentionally obstruct the grievance process Shall Be Subject to Disciplinary Action."

I hope to be able to settle this Without having to go Outside of the NCDAC to Obtain what NCDAC ADA Policies & Law CLEARLY State I can Obtain to help with a Medical Disability that Causes Worsening Pain, Suffering & Issues in doing things a nondisability person can do without Causing these issues.

Also this Type of Laptop with NO Internet, nor Outside Source connection has NO Safety, nor Security Risk Issues & IS NOT Burden-some to the NCDAC System or Eastern C.I. or to Any Other Facility! Chapter E .2604 (a)(1), (b), (d)(1), & .2607 (3)(D)

Douglas R. Symms

EDNC - Clerk of Court, 12-31-2025

Forget what lies Behind & Strive Forward to what lies Ahead, Press On towards the Goal for the Prize of the Upward Call of Papa God in Christ. Grace & Mercy be with you, Faith in & Peace from God our Father & the Lord Jesus Christ, the Son of the Father in Truth & Love. I hope I find you all in Good Health & Spirits.

Can you PLEASE send me the Case # for this filing? Please!

As in Faith, so we are Suppose to be in Truth, Love, Law & Justice, Sacred!
May Papa God keep you Always in His Loving Embrace.
To Papa God alone be the glory whom has made me a Prince in His Kingdom.
I Thank You for your time & help,

Shalom Shalom,

Douglas C. Symmes -0397585
P.O. Box 215
Maury NC 28554

FILED
JUL 17 2026
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY AM DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3004-FL

Douglas Roy Symmes Jr,
Plaintiff,

v.

NCDAC & 12 other Defendants,
Defendant(s).

NOTICE OF APPEAL

Notice is hereby given that Douglas Roy Symmes Jr (your name), plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Fourth Circuit from the final judgment and/or order entered in this action on July 8, 2026 (date final judgment and/or order was signed).

Date: 7-13-2026

Signature: Douglas R. Symmes Jr
Printed Name: Douglas Roy Symmes Jr
Address: P.O. Box 215
Maury NC 28554

FILED

JUL 17 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY AM DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3004-FL

Douglas Roy Symmes Jr, )
Plaintiff, )
)
v. ) DECLARATION OF INMATE FILING
)
NCDAC & 12 Other Defendants, )
)
Defendant(s). )

I am an inmate confined in an institution. Today, 7-13-2026 (insert date), I am depositing the Notice of Appeal in this case in the institution's internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Date: 7-13-2026

Signature: Douglas R. Symmes Jr

Printed Name: Douglas Roy Symmes Jr

Address: P.O. Box 215

Maury NC 28554

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I electronically transmitted the foregoing appendix to the Clerk of the Court using the appellate CM/ECF System, causing it to be served on counsel of record, who are all registered CM/ECF users.

/s/ *Samuel Weiss*
Samuel Weiss